JUDGMENT

This appeal from an order of the Federal Energy Regulatory Commission was presented to the court, and briefed by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. See D.C. Cir. Rule 36(b). It is
ORDERED and ADJUDGED that the petition be denied.
This petition concerns the methodology by which the Midwest Independent System Operator, Inc. (“MISO”) refunds surplus revenues to its customers. We have previously upheld FERC’s conclusion that MISO’s methodology was just and reasonable. Wisconsin Public Power, Inc. v. FERC, 493 F.3d 239, 266 (D.C.2007). The petitioner now challenges FERC’s conclusion that MISO’s methodology was consistent with the terms of its Transmission and Energy Markets Tariff (“TEMT”). Midwest Independent Transmission System Operator, Inc., 121 F.E.R.C. ¶ 61208, P23. [J.A. 637-38.] It argues that MISO violated Section 40.6.1 of TEMT, which requires it to “refund to Load, the difference between Marginal Losses and average losses on a Balancing Authority basis as set forth in this Section 40.6.”
The petitioner makes two arguments, both of which fail. The first is that MISO’s own compliance filing admitted that its methodology did not fully refund the difference between marginal and average losses. This assertion is mistaken; MISO admitted merely that it refunded less than what it would refund under In-tegrys’s proposed methodology, Informational Compliance Filing of Midwest Independent Transmission System Operator, Inc., Docket No. ER04-691-082 and EL04-10A-069, 7 (Jan. 30, 2007) [J.A. 567], *325 which FERC reasonably found unsuitable. Midwest Independent Transmission System Operator, Inc., 119 F.E.R.C. ¶ 61216, PP 29, 26. [J.A. 597, 595.] The second argument is that MISO improperly included “inter-market loss sensitivities” and loop flows in its calculations. However, as FERC explained, this argument assumes that Section 40.6.1 calls for simply subtracting an average number from a marginal number. Midwest Independent Transmission System Operator, Inc., 121 F.E.R.C. ¶ 61208, P 23. [J.A. 637.] Instead, Sections 40.6.2, 39.3.5 and 40.5 spell out a different method for calculating the marginal loss surplus, which requires MISO to subtract the amount of payments it must make under TEMT from the amount it receives from generation customers. Id. [J.A. 637-38, Red Br. 17-18.] FERC found no evidence that these instructions were violated; in fact, it found that taking loop flows and inter-market loss sensitivities into account is crucial to an accurate and equitable calculation of the marginal loss surplus. Midwest Independent Transmission System Operator, Inc., 119 F.E.R.C. ¶ 61216, PP 26, 27. [J.A. 595-96.] The petitioner has failed to identify any respect in which FERC’s analysis is unreasonable.
The petitioner further argues that FERC erred by failing to hold an eviden-tiary hearing to determine whether MISO’s methodology was unlawful. Because the petitioner admits there is no material factual dispute, Petitioner’s Br. at 50, we do not think it arbitrary and capricious for FERC to have issued a decision based solely upon the written record.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.